IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONALD R. TREECE, JR.                                                                                    PLAINTIFF

vs.                                          Civil No. 4:14-cv-04146

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Donald R. Treece, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on April 22, 2009.  (Tr. 294-308). Plaintiff alleges being disabled due to bipolar disorder, post-traumatic stress disorder, depression, and antisocial personality disorder.  (Tr. 328).  Plaintiff alleges an onset date of January 1, 2007.  (Tr. 121).  These applications were denied initially and again upon reconsideration.  (Tr. 185-188).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 137-162). Plaintiff's first administrative hearing was held on December 10, 2010. *Id.* Thereafter, on March 21, 2011, the ALJ issued an unfavorable decision denying Plaintiff's applications for disability benefits. (Tr. 189-199). Plaintiff appealed that unfavorable decision to the Appeals Council, and the Appeals Council entered an order on June 28, 2012 remanding Plaintiff's case back to the ALJ. (Tr. 204-207).

After this remand, the ALJ held a second administrative hearing. (Tr. 163-184). Plaintiff's second administrative hearing was held on April 22, 2013 in Texarkana, Arkansas. *Id.* Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Ms. May[2] testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-seven (47) years old, which is defined as "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 166). Plaintiff also testified he had obtained his GED. *Id.*

On July 23, 2013, the ALJ entered a second unfavorable decision denying Plaintiff's disability applications. (Tr. 118-129). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2009. (Tr. 123, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2007, his alleged onset date. (Tr. 123, Finding 2). The ALJ determined Plaintiff had the following severe impairments: major depressive disorder, anti-social personality disorder, poly-substance dependence in partial remission, and a history of back, right knee, and left ankle surgeries. (Tr. 123-125, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements

---

[2] The first name of Ms. May was not included in the transcript.

of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 125, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 126-127, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift and carry 20 pounds occasionally, 10 pounds frequently, sit 6 hours, and stand/walk 6 hours. He should not climb ropes, ladders, or scaffolds. Other postural functions could be performed on at least an occasional basis. He should avoid exposure to unprotected heights, extreme cold, and concentrated exposure to vibration. He can understand, remember, and carry out simple instructions. He should not deal with the public; he can have occasional contact with coworkers and supervisors.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he did not retain the capacity to perform any of his PRW. (Tr. 127, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 127, Finding 10). The VE testified at the administrative hearing on April 22, 2013 regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following unskilled, light work: (1) mail sorter (115,000 such jobs in the nation and 4,700 such jobs in Arkansas); (2) routing clerk (678,000 such jobs in the nation and 5,400 such jobs in Arkansas); and (3) masker (235,000 such jobs in the nation and 4,500 such jobs in Arkansas). *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined he was not disabled from January 1, 2007 through the date of his decision or through July

23, 2013. (Tr. 128, Finding 11).

Thereafter, on September 11, 2013, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 116). On October 9, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 4, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 4, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in finding his impairments do not meet the requirements of the Listings; (2) the ALJ erred in discounting the opinions of his treating physician, Dr. Oladele Adebogun, M.D.; and (3) the ALJ

erred by failing to present a proper hypothetical to the VE. ECF No. 11 at 1-20. Because the Court finds the ALJ erred in failing to properly consider the opinions of Plaintiff's treating physician, the Court will only consider Plaintiff's second argument for reversal.

Plaintiff's treating physician is Dr. Oladele Adebogun, M.D., and he has been treating Plaintiff for his psychological impairments since 2006. (Tr. 477-527, 549-561, 565-594, 814-826, 1111-1199, 1232-1284, 1319-1342, 1436-1453). On April 1, 2013, Dr. Adebogun completed a "Mental Impairment Evaluation Form" outlining Plaintiff's limitations. On this form, Dr. Adebogun stated Plaintiff suffered from schizophrenia (paranoid and other psychotic disorders) and affective disorders. (Tr. 1334). Dr. Adebogun also found Plaintiff had poor ability to understand, remember, and carry out complex, "detailed but not complex," and simple job instructions. (Tr. 1341). Dr. Adebogun found Plaintiff had a poor ability to behave in an emotionally stable manner, react predictably and appropriately in social situations, and demonstrate reliability in work practices, including attendance. *Id.* Dr. Adebogun also found that because of his limitations, Plaintiff could not work for eight hours a day on a regular basis and would be absent from work more than three times a month. *Id.*

In his opinion, the ALJ largely discounted Dr. Adebogun's findings. (Tr. 127). The ALJ provided the following reasons for discounting those findings:

> Although Dr. Adebogun has repeatedly assigned serious limitations, I do not give much weight to them because they are not consistent with the GAF scores assigned by his own office or by the consulting psychiatric examiner. He also has declined to specifically address the impact of substance use despite the Appeals Council's directive that this be addressed on remand.

(Tr. 127). Notably, the ALJ did not state *how* the GAF scores were inconsistent with Dr. Adebogun's findings or *how* the consulting psychiatric examiner's findings were inconsistent with

Dr. Adebogun's findings. *Id.* Further, the Court has reviewed the over 1400 pages in this transcripts and finds no reference to Dr. Adebogun's express decision declining "to specifically address the impact of substance abuse." Indeed, in his questionnaire from April 1, 2013, Dr. Adebogun answered every question that he has sufficient information to answer and appears to have never been asked about the impact of substance abuse. (Tr. 1334-1342). Again, the Court is left to speculate on this issue.

As such, the Court finds the ALJ has stated no "good reasons" for discounting Dr. Adebogun's findings. Because Dr. Adebogun is a long-time treating source, the ALJ's failure to provide "good reasons" for discounting his findings was improper. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). Thus, this case must be reversed and remanded for further consideration of Dr. Adebogun's findings.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of September 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE